IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL CROW, | ) | CV 12-71-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## I. Introduction

Plaintiff Michael Crow filed a declaratory judgment action seeking coverage under the policy of Defendant Safeco's insured, Richard Venable, for a second automobile accident he alleges was caused by Venable. Crow settled with Venable for both accidents, releasing Venable but reserving the right to pursue Safeco for a second policy limits. Safeco now moves for summary judgment declaring that Crow is only entitled to one policy limit for the two accidents

1

because he admits both accidents were caused by one negligent act. Safeco's motion will be granted because interpreting the Safeco contract under Montana law supports the conclusion that only one policy limit is available to Crow.

## II. Factual and Procedural Background

This case involves two motor vehicle accidents. The first accident occurred on December 12, 2009, when Richard Venable rear-ended Crow on Orange Street in Missoula, Montana. Crow experienced confusion, slurred speech, and difficulty communicating shortly after the first accident. Crow continued working that week despite these symptoms, and he was in a single car accident while working six days later. Crow drove off the road in his work vehicle and suffered physical injuries including a global traumatic brain injury. Crow alleges the second accident was caused by a left temporal lobe hemorrhage he received in the first accident. Thus, he contends Venable also caused his second accident.

Venable was the insured under a Safeco automobile insurance policy at the time of the accident which provided an aggregate limit of $300,000 in bodily injury liability coverage with $300,000 for each person and $300,000 for each occurrence. The Safeco policy provides that the limit of liability is the "maximum limit of liability for all damages . . . arising out of bodily injury sustained by any one person in any one auto accident." (Doc. 4-1 at 15.) The policy further states

that "[s]ubject to this limit for 'each person,' the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident." *Id.* The policy states that the limit of liability shown in the Declarations is the most Safeco will pay regardless of the number of: insureds, claims made, vehicles or premiums shown in the Declarations, or vehicles involved in the auto accident. *Id.*

The Court previously denied Crow's motion to dismiss Safeco's counterclaim (doc. 15). Pending is Safeco's motion for summary judgment in which it concedes, for purposes of the motion only, that Venable's negligence caused both accidents.

### III. Standard of Review

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

### IV. Analysis

Safeco's motion for summary judgment will be granted for two reasons: (1)

the plain and unambiguous language of the policy confines recovery to injuries sustained in one auto accident, and (2) under the cause theory adopted by the Montana Supreme Court, Crow's argument that Venable's negligent act caused both accidents limits his recovery to one policy limit.

Resolution of this declaratory judgment action involves contract interpretation which is a question of law resolved by the Court. *Pablo v. Moore*, 995 P.2d 460, 462 (Mont. 2000). The words in an insurance contract are "given their usual meaning and construed using common sense." *Hardy v. Progressive Specialty Ins. Co.*, 67 P.3d 892, 897 (Mont. 2003). The plain language of Safeco's policy limits liability to damages arising out of bodily injury sustained by any one person in any one auto accident. Applying this language to the case at bar, Crow's damages are limited to the bodily injury he sustained in the first accident.

Crow's argument that the policy is ambiguous because it does not define "accident" or "arising out of" is unavailing. "An ambiguity exists where the contract, when taken as a whole, is reasonably subject to two different interpretations. Whether an ambiguity exists is determined through the eyes of 'a consumer with average intelligence but not trained in the law or insurance business.' " *Id.* Ambiguities are construed in favor of the insured and in favor of extending coverage. *Id.* No ambiguity exists in Safeco's policy because, unlike in

*Wendell v. State Farm Mut. Auto. Ins. Co.*, 974 P.2d 623 (Mont. 1999), Safeco's policy limits liability to damages arising out of bodily injury sustained by any one person in any one auto accident. In *Wendell*, the policy limited liability to damages caused by an accident <u>arising out of the operation, maintenance, or use of an uninsured vehicle</u> whereas Safeco's policy limits liability to damages <u>arising out of bodily injury sustained by any one person in any one auto accident</u>. The terms "auto accident" and "arising out of bodily injury" are not ambiguous as were the policy terms in *Wendell*. Hence, the expansive interpretation of the terms "accident" and "arising out of the operation, maintenance, or use" from *Wendell* cannot be applied to extend coverage for Crow's second accident.

Crow's damages are limited to the injuries he sustained in any one auto accident–which in this case is the first accident. The Court recognizes Crow's argument that his latent brain injury from the first accident both caused the second accident and increased his injuries sustained in the first accident. However, the mere fact that Crow happened to be driving a vehicle when he suffered the alleged brain hemorrhage should not make Safeco doubly liable where it otherwise would not be. If Crow had been walking on the sidewalk when he suffered the brain hemorrhage, fallen and further injured himself, Safeco would not be responsible for any of Crow's further injuries. Safeco's liability will not be extended to a

second motor vehicle accident occurring six days after its insured's negligent act. Safeco's policy does not permit recovery of a second policy limit in this case.

Montana's adoption of the cause theory in *Heggem* further forecloses Crow's claim to a second policy limit. In *Heggem*, the Montana Supreme Court joined the vast majority of courts in viewing an occurrence from the perspective of causation, or the cause of the damage, rather than the number of injuries or claims. *Heggem v. Capitol Indem. Corp.*, 154 P.3d 1189, 1195 (Mont. 2007). The policy in *Heggem* limited liability as follows: "the most we will pay for loss or damage in any one occurrence is the applicable [$300,000] Limit of Insurance shown in the Declarations, regardless of the number of insureds, claims made, suits brought or persons or organizations making claims or bringing suits. Occurrence is defined as an accident . . . ."

Although the policy at issue in *Heggem* was an occurrence-based policy, unlike Safeco's policy here, this distinction is not dispositive. Safeco's policy does use the term "occurrence" in limiting liability to $300,000 per occurrence in the Declarations page. The policy goes on to limit liability to $300,000 for bodily injury resulting from any one auto accident. While Crow stresses the distinction between Safeco's policy and *Heggem*'s occurrence-based policy, courts have equated the terms "accident" and "occurrence" when faced with precisely this

6

issue. *See Safeco Ins. Co. v. Fireman's Fund Ins. Co.*, 148 Cal.App.4th 620, 633 (Cal. 2007)("Where one proximate, uninterrupted, and continuing cause results in injuries ... to ... property, there is a single accident or occurrence within the meaning of the 'per accident' clause in the liability insurance policy limiting the insurer's liability to a certain amount for each accident or each occurrence"); *Truck Ins. Exchange v. Rodhe*, 303 P.2d 659, 662 (Wash. 1956)("in our opinion and for the purposes of this case, the terms, 'accident' and 'occurrence,' are synonymous.") Moreover, the policy in *Heggem* defined occurrence as an accident, so the distinctions pointed out by Crow relate more to form than substance.

The Montana Supreme Court's reasoning for adopting the cause theory in *Heggem* applies equally in this case even though the policies are not identical. The only link between the first and second accidents is Crow's contention that his injuries from the first accident caused the second accident. Crow's argument that Venable's negligence was the sole proximate cause of both accidents defeats his claim against Safeco for recovery of a second policy limit. Crow's argument that *American National Property and Casualty Company v. Stirling*, 25 Mont. Fed. Rpt. 149 (Mont. 1998) controls also fails because Montana adopted the cause theory in *Heggem* after *Stirling* was decided. *Stirling* is also distinguishable on its

facts because the two accidents in that case were simultaneous, whereas the two accidents involved in the subject case were almost a week apart. Thus, Defendant's motion for summary judgment must be granted and this case will be dismissed.

Accordingly, IT IS ORDERED that Safeco's motion for summary judgment (doc. 16) is GRANTED. Judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

Dated this 13th day of March, 2013.

_____
Dana L. Christensen, District Judge
United States District Court